Weygandt, C. J.
First it should be noted that counsel are in agreement as to the availability of mandamus as a remedy to require the reconsideration and redetermination of the former employee’s claim in the event that there has been a failure to comply with the law.
One of the relator employer’s assignments of error is a claim of noncompliance with the requirements of Section 4123.68 (W), Revised Code, which reads in part as follows:
“The commission shall oppoint three referees to be known as ‘silicosis referees’ who shall be licensed physicians in good professional standing who have by special duty or experience acquired special knowledge of pulmonary diseases and at least one of said physicians shall be a roentgenologist. Before awarding compensation for disability or death due to silicosis, the commission shall refer the claim to the silicosis referees for examination and recommendation with regard tq the diagnosis, the extent of disability, and other medical questions connected with the claim. An employee shall submit to such examinations, including clinical and X-ray examinations, as the commission requires. * * * In the event that an employee refuses to submit to examinations, including clinical and X-ray examinations, *413 after notice from the commission, or in the event that a claimant for compensation for death due to silicosis fails to produce necessary consents and permits, after notice from the commission, so that such autopsy examination and tests may be performed, then all rights for compensation are forfeited.”
In its petition the relator employer alleges that, “although the said claimant employee was requested by the agents of the respondent to submit to an examination before the board of silicosis referees, the said claimant refused to do so and has never been examined by a medical advisor appointed by the respondent commission, nor by any medical board of review, or any other physician appointed by the respondent commission as required by Sec. 4123.10, B. C., Sec. 4123.63, B. C., and Sec. 4123.68, B. C. (W).”
One difficulty with this first assignment of error is that, although the claimant concededly was not examined by the silicosis referees as provided by Section 4123.68 (W), Bevised Code, the record fails to disclose evidence that the commission made a demand for such an examination. The statute provides merely that “an employee shall submit to such examinations * * * as the commission requires.” (Italics supplied.) Counsel concede that there is no direct evidence of a demand by the commission, but the appellant suggests that such a demand can be inferred. However, in the opinion of this court there is no evidence to warrant an inference that the commission complied with this requirement. Hence, the appellant can not be heard to complain of the claimant’s failure to comply with a demand that was not made.
Another assignment of error involves the following provision of Section 4123.10, Bevised Code:
“* * * No compensation shall be paid to any claimant on account of any occupational diseases, the existence of which is denied, unless a medical advisor appointed by the commission has examined such claimant for the purpose of determining the existence of such disease and the approximate time, place and cause of its inception. ’ ’
However, it is the view of this court that this section is inapplicable here. This section was enacted in 1921, while Section 4123.68 (W), Bevised Code, was enacted in 1937. The *414 first is general, and the second relates specifically to silicosis. Since the first statute is general and earlier, and the second is specific and subsequent, the latter controls, and a compliance with the first was not necessary inasmuch as silicosis is here involved.
Because of the failure of the commission to make the demand necessary under the provisions of Section 4123.68 (W), Revised Code, and because of the nonapplicability of Section 4123.10, Revised Code, the judgment of the Court of Appeals denying the writ of mandamus is affirmed.

Judgment affirmed.

Zimmerman, Stewart, Matthias and Bell, JJ., concur.
Taft and Herbert, JJ., dissent.